UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID DIXON | * | CIVIL ACTION NO. 20-3257 |
| | * | |
| VERSUS | * | SECTION: "T"(1) |
| | * | |
| BP AMERICA PRODUCTION, ET AL. | * | JUDGE GREG G. GUIDRY |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| *********************************** | * | |

REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss as a Discovery Sanction filed by defendants BP Exploration & Production Inc. and BP America Production Company (collectively "BP"). (Rec. Doc. 22). The motion was set for submission on December 8, 2021. Plaintiff's opposition memorandum was due on November 30, 2021, pursuant to Local Rule 7.5E. No memorandum in opposition was filed. Accordingly, this motion is deemed to be unopposed.

Further, the court finds that BP's motion has merit. The record reflects that plaintiff failed to respond to BP's discovery requests. Plaintiff then failed to comply with this court's September 29, 2021, order compelling him to respond to the discovery requests within seven days. BP moved to enforce the discovery order, and plaintiff did not oppose the motion. On November 1, 2021, the court ordered plaintiff to produce his discovery responses, ordered that all objections except privilege objections were deemed waived, and warned plaintiff that failure to timely produce documents could result in him being barred from using such documents at trial. The court further warned that plaintiff's continued failure to comply with his discovery obligations could result in dismissal for failure to prosecute. Plaintiff still failed to respond to BP's discovery requests.

Under the Federal Rules of Civil Procedure if a party "fails to obey an order to provide or permit discovery," the court is authorized to impose sanctions, including "dismissing the action or

1

proceeding in whole or in part." Fed. R. Civ. Proc. 37(b)(2)(A)(vi).  The Rules also provide that "[i]f the plaintiff fails to prosecute or to comply with [the Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Proc. 41(b). "In addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice." Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980). Dismissal with prejudice "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists, and a lesser sanction would not better serve the interests of justice." Id. at 247 (citations omitted).

The court finds that plaintiff's repeated failure to comply with the court's orders without even attempting to put forth an excuse demonstrates the kind of contumacious conduct that warrants dismissal. See Magana v. Shore Constr., LLC, No. CV 17-1896, 2018 WL 4252545, at *4(E.D. La. Sept. 6, 2018) (quoting Kabbe v. Rotan Mosle, Inc., 752 F.2d 1083, 1084 (5th Cir. 1985) ("Dismissal is warranted when a court is faced with '[d]eliberate, repeated refusals to comply with discovery orders.'"). Plaintiff is represented by counsel and has been warned of the consequences that would result from his failure to comply with the court's orders and his discovery obligations. Lesser sanctions have been ineffective and would not serve the best interests of justice.

Accordingly,

IT IS RECOMMENDED that BP's Motion to Dismiss as a Discovery Sanction (Rec. Doc. 22) be GRANTED and plaintiff's claims be dismissed with prejudice.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 9th day of December, 2021.

_____
Janis van Meerveld
United States Magistrate Judge